IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MELANIE M. S.**[1], <br><br>        Plaintiff, <br><br>        v. <br><br>**MARTIN O'MALLEY**, Commissioner of Social Security, <br><br>        Defendant. | Case No. 6:23-cv-1668-SI <br><br> **OPINION AND ORDER** |

Sherwood J. Reese and Luke Moen-Johnson, DREW L. JOHNSON, PC, 1700 Valley River Drive, Eugene, OR 97401. Of Attorneys for Plaintiff.

Natalie K. Wight, United States Attorney, and Kevin Danielson, Executive Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; John B. Drenning, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, 6401 Security Boulevard, Baltimore, MD 21235. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

       Melanie M. S. ("Plaintiff") seeks judicial review of the final decision of the

Commissioner of the Social Security Administration ("Commissioner") denying her application

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this Opinion and Order uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

for Supplemental Security Income ("SSI"). For the reasons discussed below, the Court reverses the decision of the Commissioner and remands for further proceedings consistent with this Opinion and Order.

## STANDARD OF REVIEW

The decision of the administrative law judge ("ALJ") is the final decision of the Commissioner in this case. The district court must affirm the ALJ's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla" and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009).

When the evidence is susceptible to more than one rational interpretation, the Court must uphold the ALJ's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the ALJ's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the ALJ. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). A reviewing court, however, may not affirm the ALJ on a ground upon which the ALJ did not rely. *Id.*; *see also Bray*, 554 F.3d at 1225-26.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff applied for SSI on March 16, 2021, alleging a disability onset date of April 1, 2005. AR 85. Plaintiff had previously filed for SSI on August 14, 2017, and was found to be nondisabled on September 27, 2019. AR 62, 72. Plaintiff was born on October 1, 1979, and was 25 years old on the alleged onset date. AR 84.

Plaintiff alleges that she is unable to work due to the following impairments: pituitary tumor in her brain, migraines, left side body numbness, asthma, and diabetes. AR 101. Plaintiff also alleges that she is unable to work due to the side effects caused by the medication she takes to manage the effects of her pituitary tumor, cabergoline. AR 39-40. Plaintiff claims she suffers debilitating side effects from this medication, including nausea, vomiting, and diarrhea. AR 39. These side effects require her to use the bathroom at least five times per day, and each visit takes 20 to 30 minutes. AR 43-44. On a typical day, this requires Plaintiff to spend between one hour and forty minutes and two hours and thirty minutes in a bathroom, and she needs to be near a bathroom most of the time in case of emergencies. *See* AR 41-45. Plaintiff has been taking cabergoline since she was 25 or 26 years old. AR 40. Plaintiff cannot try an alternative medication because the side effects of other potential medications are "not likely to result in a better quality of life." AR 578. Plaintiff has also tried alternative dosing of cabergoline, which "did not help and actually made things worse." AR 367, 369, 371.

The agency denied Plaintiff's claim both initially and upon reconsideration, and Plaintiff requested a hearing before an ALJ. AR 98, 107, 124. Plaintiff and her attorney appeared before ALJ Katherine Weatherly on March 30, 2023. AR 32. On May 19, 2023, the ALJ issued a decision finding Plaintiff not disabled under section 1614(a)(3)(A) of the Social Security Act. AR 17-27. Plaintiff requested that the Appeals Council review the ALJ's decision. AR 265-68.

PAGE 3 – OPINION AND ORDER

On September 12, 2023, the Appeals Council denied Plaintiff's request for review. AR 1-3. The ALJ's decision thus became the final decision of the Commissioner and Plaintiff timely appealed pursuant to 42 U.S.C. § 405(g).

## B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are:

> (1) Is the claimant presently working in a substantially gainful activity? (2) Is the claimant's impairment severe? (3) Does the impairment meet or equal one of a list of specific impairments described in the regulations? (4) Is the claimant able to perform any work that he or she has done in the past? and (5) Are there significant numbers of jobs in the national economy that the claimant can perform?

*Id.* at 724-25. Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the analysis continues beyond step three, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC").

The claimant bears the burden of proof at steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 953 (9th Cir. 2001); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the

PAGE 4 – OPINION AND ORDER

Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R.

§§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *See Tackett*, 180 F.3d at 1099; *Bustamante*, 262 F.3d at 954.

**C. The ALJ's Decision**

The ALJ concluded that Plaintiff had rebutted the presumption of continuing nondisability from her previous administrative determination. AR 17. The ALJ then proceeded to the sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 16, 2021, the date of her application. AR 19. At step two, the ALJ found that Plaintiff had the following severe impairments: diabetes mellitus, a pituitary tumor, right shoulder rotator cuff syndrome, migraines, right foot degenerative joint disease, and obesity. *Id.* At step three, the ALJ determined that none of the impairments, either individually or in combination, met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 21.

The ALJ next determined Plaintiff's RFC and found that Plaintiff could perform light work as defined in 20 C.F.R. § 416.967(b). AR 22. The ALJ also found that Plaintiff could frequently crawl and climb ramps and stairs, but could only occasionally climb ladders, ropes, or scaffolds. *Id.* Further, the ALJ found that Plaintiff must avoid even moderate exposure to workplace hazards such as heights and heavy machinery. *Id.* At step four, the ALJ noted that Plaintiff has no past relevant work. AR 25. At step five, relying on testimony of a vocational expert, and considering Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff could perform jobs that exist in significant numbers in the national economy. AR 25-26. These jobs included Housekeeper/Cleaner (177,000 jobs in the national economy),

PAGE 5 – OPINION AND ORDER

Marker (137,000 jobs in the national economy), and Office Helper (11,000 jobs in the national economy). AR 26. The ALJ thus concluded that Plaintiff was not disabled. AR 26-27.

## DISCUSSION

Plaintiff argues that the ALJ erred by improperly discounting Plaintiff's subjective symptom testimony, improperly evaluating the medical opinion of Plaintiff's treating physicians Jonathan Bennion, M.D., and Geoffrey L'Heureux, PharmD, and improperly discounting lay witness testimony. The Commissioner expressly concedes that this case should be remanded because the ALJ did not comply with the regulatory requirements in her evaluation of medical opinion evidence. The Commissioner only briefly addresses Plaintiff's subjective symptom testimony and the lay witness testimony in arguing that ambiguities and conflicts remain in this case requiring a remand for further proceedings. The Commissioner, however, does not respond to Plaintiff's allegations that the ALJ improperly discounted her symptom testimony and the lay witness testimony.

The Commissioner's failure to defend Plaintiff's allegations of error is a concession of those alleged errors. *See, e.g.*, *Virginia J. v. Kijakazi*, 2023 WL 2387511, at *8 (D. Or. Mar. 7, 2023) ("The Commissioner does not expressly concede that [the treating provider's] statement described Plaintiff's impairments and treatment from the period at issue. The Commissioner, however, did not defend the Appeals Council's reason or respond to Plaintiff's arguments challenging this reason. Accordingly, the Commissioner has waived any argument that the Appeals Council provided for not considering [the treating provider's] statement."); *Megan S. v. Berryhill*, 2019 WL 1919169, at *5 (D. Or. Apr. 30, 2019) (finding that the Commissioner "has waived any argument that the ALJ provided a clear and convincing reason other than Plaintiff's purported improvement" by failing to respond to Plaintiff's arguments other than generally to assert "harmless error"); *Alesia v. Berryhill*, 2018 WL 3920534, at *7 (N.D. Ill. Aug. 16,

PAGE 6 – OPINION AND ORDER

2018) (finding that the Commissioner's "conclusory assertion and overly broad evidentiary citation" is not a sufficient argument and thus waives any argument that the ALJ's conclusion was legally sufficient). By failing to respond to Plaintiff's allegations that the ALJ erred in her evaluation of Plaintiff's symptom testimony and lay witness testimony, the Commissioner concedes that the ALJ erred on these grounds. Therefore, the Court evaluates whether to remand for further proceedings or remand for immediate calculation of benefits, accepting that the ALJ made all of the errors alleged by Plaintiff.

**A. Standards in Considering Remand for Benefits or Proceedings**

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Social Security Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court.[2] *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). The court first determines whether

---

[2] The Commissioner argues that the new regulations relating to evaluating medical evidence abrogates the credit-as-true rule as applied to medical opinions. The Ninth Circuit has not specifically addressed this issue. The Ninth Circuit, however, has described the new regulations as that "the agency disagreed with our practice of combining the treating physician rule with our credit-as-true rule whereby we sometimes remanded with an order to award benefits if the ALJ provided insufficient reasons for rejecting a treating source opinion" because "[t]his practice prevented the agency from reconsidering the evidence in the record as a whole and correcting any errors." *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022) (cleaned up).

PAGE 7 – OPINION AND ORDER

the ALJ made a legal error and then reviews the record as a whole to determine whether the record is fully developed, the record is free from conflicts and ambiguities, and there is any useful purpose in further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the district court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Id.* If so, the district court can exercise its discretion to remand for an award of benefits. *Id.* The district court retains flexibility, however, and is not required to credit statements as true merely because the ALJ made a legal error. *Id.* at 407-08.

## B. Analysis

Because the Commissioner conceded that the ALJ committed harmful error in her evaluation of Plaintiff's symptom testimony, the medical opinions of treating physicians Drs. Bennion and L'Heureux, and the lay witness testimony, remand is appropriate. For the reasons described below, conflicts and inconsistencies in the record require further administrative proceedings.

There are conflicting medical opinions in the record. Plaintiff's treating physicians, Drs. Bennion and L'Heureux, state that the side effects of Plaintiff's medication, cabergoline, do not allow her to pursue full-time employment. AR 578, 605. The state agency medical consultants, Karen Schnute, M.D., and Lloyd H. Wiggins, M.D., however, find that Plaintiff's impairments could be accommodated to light work with additional restrictions. AR 97-98, 107.

---

The Court declines to decide whether the new regulations abrogated application of the credit-as-true doctrine in whole as applied to medical testimony or only with respect to giving a treating physician's testimony more weight in the credit-as-true analysis, because remand for further proceedings is appropriate at the first step. Because ambiguities and conflicts remain in the record, the Court does not reach the step of crediting any testimony as true.

PAGE 8 – OPINION AND ORDER

Plaintiff argues that there is no conflict because her treating physicians do not make findings of exertional limitations. Instead, they highlight the symptoms and limitations arising from her medication's side effects, which would lead to "exceptional absenteeism" from work. AR 578. The Court finds Plaintiff's argument unpersuasive because Plaintiff's treating physicians directly address her ability to work and their opinions conflict with the state medical consultants' conclusions.

Drs. Schnute and Wiggins determined that Plaintiff was not disabled because she could perform light work. AR 97-98, 106-08. Dr. Schnute noted that Plaintiff required "frequent toilet use." AR 90. Dr. Schnute's analysis, however, does not address most of Plaintiff's side effects from cabergoline, including vomiting, diarrhea, and constipation. AR 88-89, 95-96. This is inconsistent with other medical opinions, which include numerous references to these issues. *See* AR 298, 307, 311-12, 342, 373, 375, 377, 379, 404-05, 421, 493, 495, 502-03, 510, 512-13. Dr. Schnute ultimately concluded that Plaintiff's exertional limitations do not allow her to stand, sit, or walk for more than six hours in an eight-hour workday, but she can work. AR 93.

Dr. Wiggins reviewed treatment notes from Drs. Bennion and L'Heureux in his evaluation. *See* AR 103 (referencing AR 532-35 (Dr. L'Heureux) and AR 676-79 (Dr. Bennion)). Dr. Wiggins found that Plaintiff's medically determinable impairments included "pituitary prolactinoma" and that the medication she takes to manage it causes Plaintiff to have "[s]ome intermittent [gastrointestinal] symptoms and [bowel movement] urgency related to medication [and] has constipation too." AR 103. Dr. Wiggins concluded that the "[t]otality of evidence supports a light RFC," and that Plaintiff can work. *Id.*

In contrast to the findings of the state medical consultants, Dr. L'Heureux determined that "the side effects" from Plaintiff's "medication are intractable and prevent [her] from

PAGE 9 – OPINION AND ORDER

working." AR 578. Dr. Bennion concluded that Plaintiff's "symptoms have been severe to the point of causing her to be unable to maintain full-time employment." AR 605. These opinions directly address Plaintiff's ability to work, and they are inconsistent with the exertional limitation findings by Drs. Schnute and Wiggins.

Further, Plaintiff's self-reported symptom testimony is inconsistent with some of the medical opinion evidence. Plaintiff testified that she only leaves the house if absolutely necessary because she needs to be near the restroom. AR 41-42. Plaintiff also asserts that she uses the bathroom at least five times a day, for 20 to 30 minutes. AR 43-44. This testimony is inconsistent with the state medical consultants' findings that Plaintiff can do light work and does not have limitations that require her to be near a bathroom. *See* AR 93-94, 105-07. Plaintiff's testimony is also inconsistent with a medical chart note from January 1, 2021, which stated that Plaintiff "works as a driver and is sitting often." AR 322. Reconciling conflicting medical opinions and Plaintiff's symptom testimony is the responsibility of the ALJ not the Court. *See Matney on Behalf of Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (holding that "the trier of fact and not the reviewing court must resolve conflicts in the evidence").

## CONCLUSION

The Court REVERSES the Commissioner's decision that Plaintiff was not disabled and REMANDS for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 23rd day of October, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge